Green, J.
(dissenting, with whom Blake, J., joins). In her statement to police, the defendant admitted that she stole the guns at issue from the victim (her father). I agree with the majority that the evidence of operability of the .45 caliber weapon, while not overwhelming, when viewed in a light most favorable to the Commonwealth was sufficient to establish the element of oper-ability. See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1978). I dissent, however, from the majority’s conclusion that the evidence was insufficient to allow a rational jury to conclude that the .38 caliber weapon was also a firearm.
The victim testified at trial that he purchased the .38 caliber weapon new from a gun dealer, who told him that it worked. *277 Although the dealer’s statement that the gun worked at the time of sale was hearsay, it was admitted without objection. In the absence of an objection, hearsay testimony is properly admitted, and the jury is “entitled to give [the statement] such probative effect as they deem[ ] appropriate.” Commonwealth v. Julien, 59 Mass. App. Ct. 679, 687 (2003), quoting from Commonwealth v. Paniaqua, 413 Mass. 796, 803 (1992).[1] Put another way, “our consideration [of the sufficiency of the evidence] ‘is to be measured upon that which was admitted in evidence without regard to the propriety of the admission.’ ” Commonwealth v. Sepheus, 468 Mass. 160, 164 (2014), quoting from Commonwealth v. Farnsworth, 76 Mass. App. Ct. 87, 98 (2010). The victim testified that he loaded the weapon with ammunition on occasion. Although, as the majority observes, evidence that the gun was loaded with ammunition is inadequate standing alone to establish that the gun was operable, it constitutes some evidence in support of that proposition. See Commonwealth v. Hollister, 75 Mass. App. Ct. 729, 732 (2009).[2] To prove operability, the Commonwealth may rely on reasonable inferences drawn from circumstantial evidence including, as in the present case, an inference that a handgun purchased new, working at the time of purchase, loaded with ammunition from time to time by its owner (a security professional), and carried by him in the regular course of his duties remained in operating condition at the time of its theft, particularly in the absence of any evidence that its condition had deteriorated or otherwise changed during the intervening period.
The majority opinion discounts the value of the dealer’s statement to the victim by challenging its foundation. However, in the absence of an objection, any deficiency in the foundation for the dealer’s statement, or any challenge to its veracity, goes solely to *278 the weight to be accorded that evidence, and accordingly is within the province of the jury. See Commonwealth v. Zitano, 23 Mass. App. Ct. 403, 407 (1987). In assessing the sufficiency of the evidence of the defendant’s guilt, ‘“[i]t makes no difference whether we . . . would as jurors have voted to acquit [the defendant] or whether we ourselves think that there is some reasonable doubt. The question posed by Jackson [v. Virginia, 443 U.S. 307, 324 (1979),] is whether ‘any’ rational jury could on the evidence presented think [the .38 caliber weapon was operable] so likely as to exclude all reasonable doubts. ... A rational jury might well have acquitted without violating its oath; but, drawing all reasonable inferences in favor of the prosecution, a rational jury could also convict.” Stewart v. Coalter, 48 F.3d 610, 616 (1st Cir.), cert. denied, 516 U.S. 853 (1995). In my view, the fact that the dealer’s representation was hearsay, offered without explanation of the basis of his knowledge, and even self-serving, does not render irrational a jury’s conclusion adopting the unremarkable suggestion that a .38 caliber handgun, purchased as new and represented by the dealer as being in working condition, was capable of firing a bullet.

 The defendant has raised no claim of ineffective assistance of counsel by reason of trial counsel’s failure to object to the hearsay. At oral argument on rehearing, the defendant’s appellate counsel expressly eschewed reliance on any claim that the hearsay evidence might be reviewed “to ascertain whether the jury’s consideration of it may have created a substantial risk of a miscarriage of justice.” Commonwealth v. Silva, 431 Mass. 401, 405 (2000), quoting from Commonwealth v. Collier, 427 Mass. 385, 390 n.5 (1998).

 We note that in Commonwealth v. Hollister, 75 Mass. App. Ct. at 731, the court examined the evidence of operability for the purpose of assessing whether the evidence, stripped of a ballistics certificate improperly admitted, was so strong as to render the admission of the certificate harmless beyond a reasonable doubt. For the same reason, the majority’s reliance on Commonwealth v. Barbosa, 461 Mass. 431, 435 (2012), is also misplaced.